1  Robert Fish (Bar No. 149711)
   rfish@fishiplaw.com
2  Mei Tsang (Bar No. 237959)
   mtsang@fishiplaw.com
3  Josh Emory (Bar No. 247398)
   Jemory@fishiplaw.com
4  FISH & ASSOCIATES, PC
   2603 Main Street, Suite 1000
5  Irvine, California 92614-4271
   Telephone:  (949) 943-8300
6  Facsimile:   (949) 943-8358

7  Attorneys for Plaintiff
   Billups-Rothenberg, Inc.

8  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
9  Brian C. Cannon (Bar No. 193071)
   briancannon@quinnemanuel.com
10 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
11 Redwood Shores, California 94065-2139
   Telephone:  (650) 801-5000
12 Facsimile:   (650) 801-5100

13 Amy H. Candido (Bar No. 237829)
   amycandido@quinnemanuel.com
14 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   50 California Street, 22nd Floor
15 San Francisco, California 94111
   Telephone:  (415) 875-6600
16 Facsimile:   (415) 875-6700

17 Attorneys for Defendants ARUP
   Laboratories, Inc. and Bio-Rad
18 Laboratories Inc.

NOTE CHANGES MADE BY THE COURT.

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BILLUPS-ROTHENBERG, INC., A California corporation, | CASE NO. SACV 08-1349 MRP (SSx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Judge:  Hon. Marianna R. Pfaelzer |
| ASSOCIATED REGIONAL AND | Trial Date:   none set |

1  UNIVERSITY PATHOLOGISTS, INC.,

2  BIO-RAD LABORATORIES, Inc., and

3  Does 2 through 20.

4  Defendants.

5  ## STATEMENT OF GOOD CAUSE

6      Discovery and trial of this case may involve the exchange of confidential

7  information.  Such information may include secret business strategies and financial

8  data that is not available to the public.  The parties agree that the disclosure of such

9  sensitive information to the public may be detrimental to their respective

10 commercial interests.  Therefore, the parties have agreed to enter into this

11 Protective Order.

12 ## PROTECTIVE ORDER

13     WHEREAS, in connection with the above-captioned matter, certain

14 information, documents and things containing trade secrets and other confidential

15 business information within the meaning of Rule 26(c) of the Federal Rules of

16 Civil Procedure may be disclosed by the parties and/or nonparties voluntarily

and/or in response to discovery demands;

17     WHEREAS, it would serve the interests of the parties to conduct discovery

18 relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the

19 Federal Rules of Civil Procedure;

20     WHEREAS, the parties have agreed to be bound by the terms of this

21 Stipulation and to present the same for entry as an Order of the Court; and

22     WHEREAS, the parties agree that nonparties may join in this Protective

23 Order and receive the benefits and be subject to the obligations thereof upon

24 written notice:

25

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1.     This Protective Order shall apply to all information, documents, testimony and things produced, disclosed, or filed in this action and any appeal, by or on behalf of any party or third party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, response to any type of written discovery, submission to this Court or otherwise ("Litigation Material.")  Any party or third party may designate any Litigation Material CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY as provided in this Protective Order.  As used herein, "Designated Information" means any information, documents, testimony and things designated either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY."

2.     All Designated Information is provided solely for the prosecution or defense of this action and any appeal and may not be used for any other purpose, except by leave of court upon noticed motion with notice to all interested parties.

3.     Any Litigation Material which is deemed by a party or by a nonparty to disclose that party or non-party's Designated Information will be so identified and labeled as either CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY as follows:

a.     A party or nonparty may designate Litigation Material CONFIDENTIAL only if it, in concurrence with its counsel and in good faith, deems that the Litigation Material contains confidential or other proprietary information that is not generally available to the public and that a reasonable basis exists for limiting dissemination of the material under the standards of FRCP 26. Litigation Material designated CONFIDENTIAL shall include any copy or other

1    reproduction, excerpts, summaries, abstracts, or other documents that paraphrase,

2    quote, or contain CONFIDENTIAL information.

3         b.      A party or nonparty may designate Litigation Material HIGHLY

4    CONFIDENTIAL–ATTORNEY'S EYES ONLY if it, in concurrence with its

5    counsel and in good faith, determines that the Litigation Material contains

6    proprietary information, trade secrets, or other highly sensitive commercial or

7    competitive information whose disclosure would raise a material risk of (i) present

8    or future competitive injury to the designating party or (ii) present or future

9    competitive or commercial advantage, including litigation advantage, to the

     receiving party or non-parties.

10        c.      In the case of information voluntarily disclosed in these proceedings

11   or disclosed as a result of discovery, the producing party or nonparty will identify

12   any designated Litigation Material at the time of disclosure.

13        d.      In the case of a deposition, any party or nonparty may orally designate

14   at the deposition any portion of the testimony as CONFIDENTIAL or HIGHLY

15   CONFIDENTIAL–ATTORNEY'S EYES ONLY subject to the terms of

16   paragraphs 3(a) and 3(b) above.  Further, any party or nonparty may further

17   designate any portion of the deposition transcript as CONFIDENTIAL or

18   HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY within thirty (30) days

19   after receipt of the transcript.  The party or nonparty making such additional

20   designation shall advise opposing counsel and the Court Reporter of the additional

21   designation by letter making reference to the specific pages and exhibits to be so

22   designated. The Court Reporter shall then mark the face of the transcript

     containing such confidential testimony and/or exhibits CONFIDENTIAL

23   PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL–

24   ATTORNEY'S EYES ONLY PURSUANT TO COURT ORDER, as appropriate.

25

4.     Inadvertent failure to designate Designated Information as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Protective Order, nor shall the receiving party incur liability for use or disclosure of the information prior to the receipt of such letter.

5.     Unless and until the Court rules that any Litigation Material so identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Protective Order, access, copying or dissemination of Litigation Material so designated shall be limited to:

a.     Outside Counsel of Record and their partners, associates, and their employees (including stenographic, clerical and paralegal employees) and outside copy services whose functions require access to such Designated Information and who agree in writing to be bound by the terms of this Protective Order, excluding any such individual that has been, or may in the future become involved in, the prosecution of any patent, whether in the United States or abroad, on behalf of the receiving party;

b.     Independent experts or consultants for a party, and their clerical employees who are not and were not employees of, or related in any way to, the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with the action, again excluding any such individual that has been, or may in the future become involved in, the prosecution of any patent, whether in the United States or abroad, on behalf of the receiving party.  However, at least ten (10) days prior to the disclosure of

Designated Information under this paragraph: (1) such persons must be identified in writing to each party[1] in the action; (2) the resume of the expert or consultant shall be provided to each party in the action; and (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each party in the action.   If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 10 days after receipt of all of the information set forth herein.  No disclosure of Designated Information shall occur until all objections are resolved by the parties or by court order, including any appeal of such order.

     c.     Persons appearing for deposition provided that such persons: (1) authored or received such Designated Information; (2) are established as being knowledgeable of the contents of such Designated Information prior to the time of his or her testimony; or (3) are a current or former employee of the party (or non-party) that produced the Designated Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Designated Information).

     d.     The Court and its officers (including court reporters);

     e.     One designated in-house attorney for each party to this action under the same conditions as set forth in paragraph 5(b), except Litigation Material designated by the producing party as HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY may not be disclosed to said designated in-house attorney; and

     f.     Any other person that the parties hereto agree to in writing.

     6.     To the extent that Designated Information is included in any pleading, paper, or other document filed with the Court, the party filing such Designated Information shall lodge such information under seal and, concurrently therewith,

---

[1] If a nonparty's Designated Information is involved, that nonparty shall also be notified and all of the provisions of this paragraph (continues on next page)

file an Application to file such papers, or the portion containing the Designated Information, under seal. If a party elects to file its own Designated Information not under seal, it may do so, but any and all confidentiality designations governing such documents are waived and, going forward, the documents shall not be treated as Designated Information under this Protective Order.

7. This Protective Order shall not foreclose any of the parties from moving this Court for an order that Designated Information is not within the scope of protection afforded by this Protective Order or that Litigation Material designated as HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY should be reclassified as CONFIDENTIAL. Further:

a. A party does not waive its right to challenge a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY by electing not to mount a challenge immediately after the original designation is made;

b. A party that elects to initiate a challenge as to any Designated Information must do so in good faith and must begin the process by conferring directly with counsel for the party, or nonparty, making such designation; and

c. A party that elects to challenge a confidentiality designation shall do so upon noticed motion in accordance with applicable law and local rules. The party seeking to uphold the confidentiality designation bears the burden of proof and sanctions may be issued at the Court's discretion for any designation made in bad faith or for any motion made in bad faith.

8. This Protective Order shall not prevent any party or nonparty from applying to the Court for relief herefrom or for further and/or additional protective orders, and/or from agreeing between themselves, subject to approval of the Court, to modification of this Protective Order.

that apply to parties shall apply to nonparties as well.

1    9.    Subject to the limitations of this Protective Order, Designated
2   Information identified in accordance with paragraph 3 hereto may be used during
3   discovery, in connection with any motion, at the trial and/or appeal of this action,
4   and for any other purpose as this Court may allow after notice to all parties.

5    10.    If any Designated Information is disclosed, inadvertently or otherwise,
6   to a person or party not entitled to receive such Designated Information under the
7   terms of this Protective Order, the party or non-party that disclosed the Designated
8   Information shall (a) promptly inform the person to whom disclosure was made of
9   all the provisions of this Protective Order; (b) immediately inform the designating
    party about all circumstances of the improper disclosure, including what
10  Designated Information was improperly disclosed and to whom it was disclosed;
11  (c) request the person to whom disclosure was made to sign the acknowledgment
12  set forth in Exhibit A of this Protective Order; and (d) serve the original signed
13  acknowledgment on the designating party.

14   11.    The inadvertent or unintentional production of Litigation Material
15  which a party or non-party later claims should not have been produced because of
16  a privilege, including but not limited to attorney-client privilege or work product
17  immunity, will not be deemed to waive any privilege.  A party or non-party may
18  request the return of such privileged materials by identifying the material and the
19  basis for the claim of privilege.  If a party or non-party requests the return of such
20  material, the party having custody of the material shall return it and all copies
21  within five (5) calendar days.

22   12.    Nothing in this Protective Order shall prejudice or waive the right of
    any party to object to the production of any document upon any appropriate
23  ground, including any applicable privilege.  Moreover, nothing in this Protective
24  Order shall prejudice or waive the right of any party to object to the admissibility
25  of any Litigation Material or other evidentiary material on any appropriate ground.

Entering into and/or complying with this Protective Order shall not: (a) operate as an admission by any party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information, or (b) operate as an admission by any party that any particular Litigation Material is, or is not, relevant to this action.

13.     Within thirty (30) days after final termination of this case and any appeal, receiving counsel shall return all copies and samples of Designated Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof.  Counsel for each of the parties is permitted to retain, subject to the continued restrictions of this Protective Order, one copy of any document filed with the Court.

14.     No copy of any deposition transcript or any portion identified as Designated Information shall be prepared or furnished by the reporter to any person other than to attorneys of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Designated Information, unless the transcript and all papers referencing the transcript are filed under seal.

15.     In the event that a party or nonparty to which Designated Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed party") produce Designated Information, the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials provided.

1    16.    This Protective Order shall survive the final determination of this
2    action and shall remain in full force and effect after the conclusion of all of the
3    proceedings herein.

4    17.    This Protective Order has no effect upon, and shall not apply to, a
5    party's use or disclosure of its own Designated Information for any purpose. Also,
6    nothing contained herein shall impose any restrictions on the use or disclosure by
7    the Receiving Party of information that: (a) the Receiving Party can prove was
8    already known to such party by lawful means prior to its disclosure by the

///

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  Designating Party in this action; (b) is or becomes publicly known through no fault

2  of the Receiving Party; or (c) is rightfully received by the Receiving Party from a

3  third party which has authority to provide such information and who is without

4  restriction on the use or disclosure of such information.

5

6                                    Respectfully submitted,

7                                    FISH & ASSOCIATES, PC

8  Dated: August ___, 2009          By:

9                                        Robert D. Fish
                                         Mei Tsang
10                                       Josh Emory

11                                       Attorneys for Plaintiff
                                         Billups-Rothenberg, Inc.
12

13                                   QUINN EMANUEL URQUHART
14                                   OLIVER & HEDGES, LLP

15 Dated: August ___, 2009          By:

16                                       Kevin P.B. Johnson
                                         Brian C. Cannon
17                                       Amy H. Candido

18                                       Attorneys for Defendants ARUP
                                         Laboratories, Inc. and Bio-Rad
19                                       Laboratories, Inc.

20

21 **IT IS SO ORDERED:**

22

23 DATED: August 26, 2009

24                                   The Honorable Mariana R. Pfaelzer

25                                   United States District Judge

--
STIPULATED PROTECTIVE ORDER

# EXHIBIT A

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    My past and present business relationships with the party retaining my services are: _____.

5.    A copy of my curriculum vitae is attached hereto (if applicable).

6.    I have received a copy of the Protective Order in this action signed by the United States District Judge.

7.    I have read and understand all of the provisions of the Protective Order.

8.    I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will not use any materials designated **CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** which are disclosed to me except as permitted by that Order.

9.    Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

10.    I agree to return all **CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after litigation between the parties has ended.

11.    I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Protective Order.

DATED: _____       (Signature)_____